S13Y1871, S13Y1872, S13Y1873. IN THE MATTER OF
HERBERT ADAMS, JR. (three cases).
(750 SE2d 369)

PER CURIAM.

These disciplinary matters are before the Court on the Report and Recommendation of the special master, Gregory A. Futch, in which he recommends the Court accept the Petition for Voluntary Discipline filed by Herbert Adams, Jr. (State Bar No. 003335), after the filing of three Formal Complaints, and impose an 18-month suspension, with conditions for readmission. The State Bar agrees that an 18-month suspension with conditions is appropriate.

In Case No. S13Y1871, Adams admits that he did not act with reasonable diligence in representing a client in defense of criminal charges as he failed to prepare adequately for trial. Adams was appointed to represent the client in November 2010. In February 2011, Adams was notified that motion hearings were scheduled for June and the trial for July. He unsuccessfully attempted to obtain continuances, and in July a jury was selected. The next day the trial court held an emergency hearing and found that Adams was not prepared for trial; it continued the trial to a later date. Adams admits that this conduct violated Rule 1.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).

In Case No. S13Y1872, Adams admits that in October 2010 he was appointed to represent a client on appeal from a criminal conviction. He obtained the trial transcripts but failed to file an amended motion for new trial and had limited communication with his client. He filed a motion to withdraw from representation in October 2011. Adams admits that he did not act with reasonable diligence in representing his client and violated Rule 1.3.

In Case No. S13Y1873, Adams was appointed in 2000 to represent a client on appeal in a criminal case. He filed a motion for new trial, and an application and amended application for sentence review. He was unable to obtain trial and sentencing transcripts until

ten years later. He filed a motion to withdraw from representation in November 2010. Adams admits that he did not act with reasonable diligence in this case and that his conduct violated Rule 1.3.

Adams filed the petition for voluntary discipline seeking a suspension of between three and 18 months. He agreed that, prior to reinstatement, he will supply information, including a certification from a board-certified psychiatrist, to the Office of the General Counsel of the State Bar showing that he is mentally competent to practice law, as discussed in Bar Rule 4-104, and that the certification shall be dated no more than three months prior to the date of reinstatement. The special master noted in aggravation of discipline that Adams received an Investigative Panel reprimand in 2006, and that these three cases indicate a pattern of misconduct and multiple offenses. In mitigation, the special master recited that there was no selfish motive or dishonesty; Adams showed a cooperative attitude towards the disciplinary proceedings; and he is remorseful for his actions.

We have reviewed the record and agree that an 18-month suspension with conditions is the proper sanction in these matters. Accordingly, we hereby order that Herbert Adams, Jr., be suspended from the practice of law in the State of Georgia for a period of 18 months from the date of this opinion. The suspension shall be lifted only upon Adams providing to the Office of the General Counsel of the State Bar information, including certification from a board-certified psychiatrist, showing that he is mentally competent to practice law, as discussed in Bar Rule 4-104, and the certification shall be dated no more than three months prior to the date of reinstatement. The Review Panel shall review the information and certification, and the State Bar can submit a petition for reinstatement once the Review Panel has made its decision. Adams is reminded of his duties under Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Eighteen-month suspension with conditions. All the Justices concur.*

DECIDED OCTOBER 21, 2013.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Tony L. Axam,* for Adams.